IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DESMOND BRADLEY, et al.,    )
                            )
    Plaintiffs,              )
                            )       CIVIL ACTION NO.
    v.                      )        2:23cv122-MHT
                            )            (WO)
BIG'S TRUCKING, et al.,     )
                            )
    Defendants.             )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* The

---

 * In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a).

The removal notice is insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': Outlaw Express, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore "list the citizenships of all the members of the limited liability company." *Id.*  (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

In the removal notice, the removing defendant contends that the court should not consider the citizenship of defendant Outlaw Express, LLC for any

2

purpose because it has not been properly served. The court disagrees. "[T]he law is clear that the citizenship of all named defendants, whether served with process or not, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a)." *Rodgers v. Tyson Foods, Inc.*, No. 1:20-CV-4127-MLB, 2021 WL 2603710, at *4 (N.D. Ga. Apr. 27, 2021) (Brown, J.); *Stegeman v. Wachovia Bank, National Ass'n*, No. 1:06-CV-0247, 2006 WL 870420, at *2 (N.D. Ga. Apr. 4, 2006) (Duffey, J.) (quoting *Ott v. Consolidated Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 664 (S.D. Miss. 2002) (Lee, J.)). "[R]emoval based on diversity of citizenship is proper only if *both* of the following requirements are met: first, that there is complete diversity of citizenship between all plaintiffs and all defendants and, second, that none of the defendants who has been properly joined and served is a citizen of the state in which the action is

brought." *Burke v. Humana Ins. Co.*, 932 F. Supp. 274, 275 (M.D. Ala. 1996) (Thompson, J.). *See also* 14C Fed. Prac. & Proc. Juris. § 3723 (Rev. 4th ed.) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal, however. It is insufficient, for example, that service of process simply has not been made on a non-diverse party;... the case may not be removed until that party actually has been dismissed from the case." (footnotes omitted)).

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing defendant has until April 6, 2023, to amend the notice of removal to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 23rd day of March, 2023.

                                        /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**