IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESMOND BRADLEY, individually and as father and next friend of C.B. and A.B., minors, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>BIG'S TRUCKING, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL CASE NO. 2:23-cv-122-ECM<br>)                                     [WO]<br>)<br>)<br>) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION and BACKGROUND**

Plaintiffs Desmond Bradley and Andrea Thomas, individually and as parents and next friends of C.B. and A.B., minors, (collectively hereafter the "Bradleys") filed this action against Geico Casualty Insurance Company ("Geico") [1], Ricky Gray ("Gray"), Big's Trucking, and fictitious defendants on March 18, 2022 in the Circuit Court of Lowndes County, Alabama, Case Number 45-CV-2022-900014.00, for claims stemming from a series of traffic accidents on Interstate 65 ("I-65"). (Doc. 1-2 at 3–16). The Bradleys subsequently amended their complaint several times, adding Plaintiffs Paul C. Harris, Brian Buerkle, and Tracy Powell (collectively, hereafter the "Plaintiffs") and Defendants AmerisourceBergen Drug Corporation ("ABDC"), Commercial Express, Inc., Pamela Tarter, Jeffrey Tarter, and Outlaw Express, LLC. (*See* doc. 42 at 1–5, paras. 1–18). On

---

[1] On April 26, 2022, the Circuit Court of Lowndes County dismissed Geico upon a joint stipulation of dismissal by the parties. (Doc. 1-3 at 34).

March 2, 2023, ABDC removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1).

Following proper service, Defendants Big's Trucking and Pamela Tarter failed to plead or otherwise defend. Accordingly, on March 14, 2024, the Plaintiffs filed an application for entry of default against these defendants and Defendant Jeffrey Tarter. (Doc. 72). The Clerk of the Court entered default as to Big's Trucking and Pamela Tarter on April 9, 2024, (doc. 92), but denied the entry of default as to Jeffrey Tarter because the Plaintiffs failed "to show that they effectuated proper service on Jeffrey Tarter," (doc. 93 at 1). Thereafter, on May 10, 2024, the Plaintiffs filed a motion for default judgment against Defendants Big's Trucking and Pamela Tarter. (Doc. 94). That motion, now pending, is due to be DENIED without prejudice.

## II.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

A default judgment may be entered when a defendant "has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for

failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). Therefore, "the allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)).[2] A complaint is "well-pleaded" when it satisfies the requirements set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

## IV. DISCUSSION

"[W]hen a case involves multiple defendants, the [C]ourt will not enter default judgment against any one defendant unless and until the [C]ourt enters judgment against the others. Otherwise, inconsistent judgments would result from a plaintiff ultimately failing to prevail against the other defendants." *Carn as Tr. of SpecAlloy Corp. v. Peluso*, 2019 WL 4553105, at *1 (M.D. Ala. July 9, 2019) (citations omitted) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans v. Midwest Elecs. Imps., Inc.*, 740 F.2d

---

[2] The Court here, and elsewhere in the Opinion, cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

1499, 1512 (11th Cir. 1984)).  Here, multiple defendants are participating in the proceedings and litigating the issue of liability as to the claims asserted against them.  As such, default judgment is inappropriate at this stage of the litigation because entering default judgment against Defendants Big's Trucking and Pamela Tarter could result in inconsistent judgments.

## V.  CONCLUSION

Therefore, for the reasons stated, and for good cause, it is

ORDERED that the Plaintiffs' motion for default judgment (doc. 94) is DENIED without prejudice.

DONE this 4th day of September, 2024.

                                               /s/ Emily C. Marks
                                     EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE