IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESMOND BRADLEY, individually and as father and next friend of C.B. and A.B., minors, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL CASE NO. 2:23-cv-122-ECM<br>) [WO] |
| BIG'S TRUCKING, *et al.*, | )<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On March 18, 2022, Plaintiffs Desmond Bradley and Andrea Thomas, individually and as parents and next friends of C.B. and A.B., minors, (collectively, "the Bradleys") filed suit in the Circuit Court of Lowndes County, Alabama against Geico Casualty Insurance Company ("Geico"),[1] Ricky Gray ("Gray"), Big's Trucking, and fictitious defendants for claims stemming from a series of vehicular accidents that occurred on Interstate 65 ("I-65"). (Doc. 1-2 at 3–16).[2] After a series of state-court amendments, the Bradleys added Plaintiffs Paul C. Harris and Brian Buerkle and Defendants AmerisourceBergen Drug Corporation ("ABDC"), Commercial Express, Inc. ("Commercial Express"), and Outlaw Express, LLC ("Outlaw Express") to this suit. (*See*

---

[1] On April 26, 2022, the Circuit Court of Lowndes County dismissed Geico upon a joint stipulation of dismissal by the parties. (Doc. 1-3 at 34).

[2] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

doc. 1-4 at 119–121). On March 2, 2023, ABDC removed the case to federal court, following service of the Plaintiffs' third amended complaint. (Doc. 1 at 3, para. 9). After removal, the Plaintiffs filed a fourth amended complaint ("Operative Complaint") adding Plaintiff Tracy Powell and Defendants Pamela Tarter and Jeffrey Tarter. (Doc. 42 at 1–5, paras. 1–18). Thus, under the Operative Complaint, the Plaintiffs consist of Desmond Bradley and Andrea Thomas, individually and as parents and next friends of C.B. and A.B, minors; Paul C. Harris; Brian Buerkle; and Tracy Powell.[3] (*See generally* doc. 42).

Following proper service, Pamela Tarter (doc. 52) and Big's Trucking (doc. 53) failed to plead or otherwise defend against this suit. Consequently, the *Bradley* Plaintiffs moved for entry of default under Federal Rule of Civil Procedure 55(a) against Big's Trucking, Jeffrey Tarter, and Pamela Tarter. (Doc. 72). On April 9, 2024, the Clerk of the Court entered default against Big's Trucking and Pamela Tarter (doc. 92) but denied entry of default against Jeffrey Tarter because the *Bradley* Plaintiffs failed "to show that they [had] effectuated proper service on Jeffrey Tarter," (doc. 93 at 1).[4] A month later, the *Bradley* Plaintiffs moved for default judgment against Big's Trucking and Pamela Tarter. (Doc. 94). Soon after, ABDC and Commercial Express filed motions for summary judgment, arguing that the *Bradley* Plaintiffs' claims against them were preempted by federal law. (Docs. 98, 105).

---

[3] The Court will reference these parties as the "*Bradley* Plaintiffs" for the remainder of the Opinion.

[4] Federal Rule of Civil Procedure 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). The *Bradley* Plaintiffs filed their Operative Complaint on December 14, 2023. To date, the *Bradley* Plaintiffs have not shown that they effectuated proper service on Jeffrey Tarter.

On September 4, 2024, this Court granted ABDC's and Commercial Express's motions for summary judgment and dismissed all claims against them. (Doc. 118 at 20). That same day, this Court denied without prejudice the *Bradley* Plaintiffs' motion for default judgment, "because entering default judgment against Defendants Big's Trucking and Pamela Tarter could result in inconsistent judgments." (Doc. 117 at 4). The *Bradley* Plaintiffs' claims against Big's Trucking, Gray, Pamela Tarter, Jeffrey Tarter, and Outlaw Express remain pending.[5]

Three motions are before this Court: the *Bradley* Plaintiffs' (1) motion for judgment on the pleadings against Gray (doc. 126), (2) renewed motion for default judgment against Big's Trucking and Pamela Tarter (doc. 126), and (3) motion to consolidate for the purposes of trial[6] (doc. 122).[7] For the reasons that follow, the *Bradley* Plaintiffs' motions (docs. 122, 126) are due to be DENIED without prejudice.

---

[5] It appears that Outlaw Express was served with the *Bradley* Plaintiffs' Operative Complaint. (Doc. 91). In Gray's deposition, he stated that Outlaw Express rebranded as Big's Trucking. (Doc. 98-2 at 10, 29:7–21). Brian Lipford was the manager and registered agent of Outlaw Express before its dissolution. (Doc. 5-1 at 2). A review of the record reveals that Outlaw Express has not answered or otherwise participated in this litigation.

[6] The *Bradley* Plaintiffs jointly filed the motion to consolidate with Charasma Moseley and Ronald Lee Moseley, as administrators Ad Litem for the Estate of K. A. H. M., deceased ("the *Moseley* Plaintiffs"). *See Moseley v. Big's Trucking*, 2:23-cv-262-ECM. The Court will reference the joint motion (doc. 122) as "the *Bradley* Plaintiffs' motion to consolidate" or the "joint motion to consolidate."

[7] Before the Court are three separate cases related to the same series of March 13, 2022 vehicular accidents. *See Bradley v. Big's Trucking*, 2:23-cv-122-ECM; *Moseley v. Big's Trucking*, 2:23-cv-262-ECM; *Moseley v. Big's Trucking*, 2:23-cv-683-ECM. These cases arise from a similar factual scenario and involve nearly identical defendants. Notably, Plaintiff Lauren Moseley recently informed the Court that she "reached a tentative settlement" with Gray. (*See* doc. 79 at 1 in *Moseley v. Big's Trucking*, 2:23-cv-683-ECM).

## II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. STANDARDS OF REVIEW

### A. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings, [the Court] accept[s] as true all material facts alleged in the non-moving party's pleading, and . . . view[s] those facts in the light most favorable to the non-moving party." *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.*

"A Rule 12(c) motion requires that all pleadings[—]not just the Complaint[—]be considered . . . . Thus, a plaintiff is entitled to judgment on the pleadings only where the undenied facts set forth in the complaint (considered alongside material allegations of fact in the answer) establish the defendant's liability." *Volvo Fin. Servs. v. JRD Contracting,*

*Inc.*, 2017 WL 8941065, *3 (S.D. Ala. July 7, 2017).[8]  Further, "a plaintiff who bears the burden of proof on an asserted claim is entitled to judgment on the pleadings if the defendant admits allegations establishing liability *and* fails to offer any pertinent defense." *Vann v. Inst. of Nuclear Power Operations, Inc.*, 2010 WL 11601718, at *2 (N.D. Ga. July 15, 2010) (emphasis in original).

**B.     Default Judgment**

Default may be entered when a defendant "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)).  Therefore, "the allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)).  A complaint is "well-pleaded" when it satisfies the requirements set out

---

[8] The Court here, and elsewhere in the Opinion, cites to nonbinding authority.  While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

**C.    Motion to Consolidate**

Federal Rule of Civil Procedure 42 permits a district court to consolidate separate actions that involve common questions of law or fact. FED. R. CIV. P. 42(a). Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). "A district court's decision under Rule 42(a) is purely discretionary." *Id.* Factors influencing a district court's discretion include: "(1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single or multiple trials." *Doe v. 4201 Orlando, Inc.*, 2024 WL 1885698, at *1 (M.D. Fla. Apr. 30, 2024).

## IV. DISCUSSION

The Court first considers the *Bradley* Plaintiffs' motion for judgment on the pleadings against Gray (doc. 126), then their renewed motion for default judgment against Big's Trucking and Pamela Tarter (doc. 126), and finally their motion to consolidate (doc. 122).

A.     **Judgment on the Pleadings**

The *Bradley* Plaintiffs move for judgment on the pleadings against Gray arguing that "the pertinent facts are not in dispute and the question before the Court is purely one of law: whether . . . Gray is liable to the [*Bradley*] Plaintiffs for personal injury and wrongful death." (Doc. 126 at 3). Further, the *Bradley* Plaintiffs claim that because Gray operated the tractor-trailer involved in the relevant accident, this matter "is appropriate for resolution on the pleadings." (*Id.*).

The *Bradley* Plaintiffs' Operative Complaint alleges among other things, that Gray negligently and wantonly operated the commercial tractor-trailer on March 13, 2022. (Doc. 42 at 6–8, paras. 26, 28). In his answer, Gray specifically denied the allegations that he negligently and wantonly operated the commercial tractor-trailer. (Doc. 49 at 3, paras. 26, 28). Gray's answer incorporated by reference several affirmative defenses, asserted earlier in the litigation, which included a contributory negligence defense: "the operator of [the] other vehicles in the accident were guilty of negligence and/or contributory negligence that proximately contributed to and/or caused the accident." (Doc. 1-3 at 94, para. 5).

Federal Rule of Civil Procedure 12(c) requires the Court to consider the *Bradley* Plaintiffs' Operative Complaint and Gray's answer, and "authorizes judgment on the pleadings only where those filings viewed in tandem reveal no material disputes of fact." *Volvo Fin. Servs.*, 2017 WL 8941065 at * 3. Here, Gray denies the material factual allegations and offers a "pertinent defense"—contributory negligence. *See Vann*, 2010 WL 11601718, at *2; *see also Norfolk S. Ry. Co. v. Johnson*, 75 So. 3d 624, 639 (Ala. 2011) ("Contributory negligence is an affirmative and complete defense to a claim based on

negligence."). Because Gray denies the material facts underlying the *Bradley* Plaintiffs' claims of wantonness and negligence and offers a pertinent defense, judgment on the pleadings is inappropriate at this stage. Therefore, the *Bradley* Plaintiffs' motion for judgment on the pleadings is due to be denied without prejudice.

**B.     Default Judgment**

The *Bradley* Plaintiffs move for default judgment against Big's Trucking and Pamela Tarter. (Doc. 126 at 3, paras. 10–11). "[W]hen a case involves multiple defendants, the [C]ourt will not enter default judgment against any one defendant unless and until the [C]ourt enters judgment against the others." *Carn as Tr. of SpecAlloy Corp. v. Peluso*, 2019 WL 4553105, at *1 (M.D. Ala. July 9, 2019) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)). This practice prevents "inconsistent judgments [that] would result from a plaintiff ultimately failing to prevail against the other defendants." *Id.* Here, Big's Trucking, Gray, and Pamela Tarter remain in the litigation.[9] As such, default judgment is inappropriate at this stage because entering default judgment against Big's Trucking and Pamela Tarter could result in inconsistent judgments.

**C.     Motion to Consolidate Cases**

On October 17, 2024, the *Bradley* Plaintiffs in this action and the *Moseley* Plaintiffs, jointly moved to consolidate their cases for trial. (Doc. 122). Given the motion's age and this case's status, the Court exercises its discretion to deny the motion without prejudice.

---

[9] Outlaw Express and Jeffrey Tarter are listed in the Operative Complaint and at the very least nominally remain parties to this lawsuit. (*See generally* doc. 42).

8

On November 22, 2024, the Court continued "all deadlines tied to the trial of this case, including jury selection and jury trial . . . pending resolution of the [*Bradley*] Plaintiffs' motion for judgment on the pleadings and renewed motion for default judgment." (Doc. 127). Although the cases arise from the same series of vehicular accidents, the Court declines to consolidate the cases given their unique procedural histories.

### V. CONCLUSION

For the reasons stated, it is

ORDERED as follows:

1. The *Bradley* Plaintiffs' motion for judgment on the pleadings (doc. 126) is DENIED without prejudice.

2. The *Bradley* Plaintiffs' renewed motion for default judgment (doc. 126) is DENIED without prejudice.

3. The joint motion to consolidate (doc. 122) is DENIED without prejudice.

4. The *Bradley* Plaintiffs shall SHOW CAUSE **on or before September 22, 2025,** why Jeffrey Tarter should not be dismissed for failure to serve under Federal Rule of Civil Procedure 4(m).

5. The *Bradley* Plaintiffs shall SHOW CAUSE **on or before September 22, 2025,** why their claims against Outlaw Express should not be dismissed for failure to prosecute.

6. The parties shall file a joint status report **on or before September 22, 2025,** addressing the status of the case.

DONE this 29th day of August, 2025.

                                /s/ Emily C. Marks  
                            EMILY C. MARKS  
                            CHIEF UNITED STATES DISTRICT JUDGE