IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESMOND BRADLEY, individually and as father and next friend of C.B. and A.B., minors, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL CASE NO. 2:23-cv-122-ECM ) [WO] |
| BIG'S TRUCKING, *et al.*, | ) ) |
| Defendants. | ) |

**O R D E R**

On four separate occasions the Court ordered the Plaintiffs to show cause. (*See* docs. 130, 131, 132, 133). Each time, Counsel ignored the Court's Orders and to date has never explained their failure to comply. Counsel's repeated missteps created additional work for the Court and their chronic failure has unnecessarily prolonged this litigation. Although the Court does not require perfection from practitioners, it certainly expects a base level of professionalism. Failing to comply with multiple Court Orders without explanation falls short of the Court's expectations. Notwithstanding Counsel's complete failure to follow Court Orders, the Court nonetheless will evaluate the Plaintiffs' recent submission. (*See* doc. 134).

On December 29, 2025, the Plaintiffs filed a stipulation of dismissal with prejudice, seeking dismissal of this action "pursuant to [Federal] Rule [of Civil Procedure] 41(a)(1)." (*Id.* at 1). The Court construes the Plaintiffs' stipulation of dismissal as two separate

filings: (1) a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and (2) a motion pursuant to Federal Rule of Civil Procedure 41(a)(2).

A plaintiff may voluntarily dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). "[A] plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon [] filing, and thus no further court order is necessary to effectuate the dismissal." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) (citation modified). Here, four of the five remaining Defendants have not answered or moved for summary judgment: (1) Big's Trucking; (2) Pamela Tarter; (3) Jeffrey Tarter; and (4) Outlaw Express, LLC. Thus, this action is due to be dismissed with prejudice by operation of Federal Rule of Civil Procedure 41(a)(1)(A)(i) against Defendants Big's Trucking, Pamela Tarter, Jeffrey Tarter, and Outlaw Express, LLC.

The only remaining Defendant in this action is Ricky Gray ("Gray").[1] The Plaintiffs' stipulation of dismissal (doc. 134) is ineffective because it is not signed by "each and every party that has thus far appeared in [this] lawsuit."[2] *See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023). Although ineffective under Rule 41(a)(1), the Court finds the Plaintiffs' construed Rule 41(a)(2)

---

[1] The Plaintiffs' stipulation of dismissal incorrectly states that the claims against Defendant Gray "w[ere] . . . terminated in this [C]ourt on" May 16, 2024. (*See* doc. 134 at 1, para. 1). On May 16, 2024, this Court granted Attorney Bonner's motion to withdraw as counsel for Defendant Gray. (Doc. 96 at 1).

[2] Defendant Gray answered the Plaintiffs' fourth amended complaint. (*See* doc. 49). Thus, dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) would also be improper.

2

motion and its terms to be proper. *See City of Jacksonville*, 82 F.4th at 1039 ("We also note that if counsel are unable to acquire signatures from all parties who have appeared in the litigation, the Rules do not leave them without recourse. Should this situation arise, Rule 41(a)(2) still provides parties with an avenue for securing dismissals through court order."). Accordingly, and for good cause, it is

ORDERED as follows:

1. The motion (doc. 134) is GRANTED and this action is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) as to Defendant Gray.

2. That Defendants Big's Trucking, Pamela Tarter, Jeffrey Tarter, and Outlaw Express, LLC are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

3. That all pending motions are DENIED as moot, and all pending hearings and deadlines are terminated.

4. The Clerk of the Court is DIRECTED to close this case.

DONE this 7th day of January, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE